IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CV-115-FL

| | | |
|---|---|---|
| ELEKTRA ENTERTAINMENT GROUP, INC., a Delaware corporation; CAPITOL RECORDS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; UMG RECORDINGS, INC., a Delaware corporation; and WARNER BROS. RECORDINGS, INC., a Delaware corporation, | ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | ORDER |
| v. | ) ) | |
| JOHN DOE, | ) ) ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion to dismiss, motion to strike plaintiffs' affidavit, and motion to quash subpoena (DE #6) filed on June 19, 2008, with benefit of memorandum and recommendation ("M&R") of the magistrate judge as to the motion to dismiss and motion to strike, and decision by the magistrate judge as to the motion to quash. Defendant filed motion for reconsideration (DE #18) to which plaintiffs have timely responded (DE #20). In this posture, the issues raised are ripe for ruling.

**STATEMENT OF THE CASE**

On March 13, 2008, plaintiffs filed complaint alleging copyright infringement. Plaintiffs allege to be copyright owners or licensees of the 10 copyrighted sound recordings listed in Exhibit

A, attached to the complaint. Plaintiffs allege defendant used an online media system to download and/or distribute certain copyrighted recordings, including those listed in Exhibit A. Exhibit A provides the artist, title, and copyright owner of each of the 10 sound recordings, gives the internet protocol ("IP") address apparently assigned to the defendant, and identifies Gnutella as the online media distribution system apparently used.[1] Defendant's internet service provider was North Carolina State University ("NCSU"). Plaintiffs allege in the complaint that defendant is only known by the assigned IP address.

On May 2, 2008, plaintiffs filed a motion to expedite discovery to determine the identity of defendant. On May 15, 2008, this court granted that motion, allowing plaintiffs to serve a Rule 45 subpoena on NCSU seeking documents that identify defendant's name, address, telephone number, e-mail address, and Media Access Control. Defendant's memorandum in support of the motion to quash states that upon information and belief, this subpoena was served on NCSU. Plaintiff's response referred to defendant's motion to "quash the subpoena issued to [NCSU]." Further, defendant's proposed order to stay compliance with subpoena states the subpoena was "addressed to [NCSU] and served upon David Drooz, Associate General Counsel." As such, this court finds that said subpoena has indeed been served on NCSU.

On June 19, 2008, defendant filed motion to dismiss, motion to strike plaintiffs' affidavit, and motion to quash the subpoena. On July 2, 2008, this court referred to United States Magistrate Judge James E. Gates the motion to dismiss and motion to strike for memorandum and recommendation, and the motion to quash for decision. In this referral order, the court placed a stay on enforcement of the subpoena served on NCSU pending decision on defendant's motions. The

---

[1]Permissible inferences drawn from a complaint are addressed in this order's "Discussion" section.

magistrate judge issued Decision and Memorandum and Recommendation on September 26, 2008.

In this ruling, the magistrate judge denied defendant's motion to quash subpoena. Further, the M&R

recommended that this court deny defendant's motion to dismiss and motion to strike. On October

10, 2008, defendant filed motion for reconsideration the magistrate judge's recommendation to deny

the motion to dismiss and decision to deny the motion to quash.[2] The court construes defendant's

motion as an objection to the magistrate judge's recommendations pursuant to Local Civil Rule

72.4(b), and as a motion for reconsideration of the magistrate judge's order pursuant to Local Civil

Rule 72.4(a). Plaintiffs timely filed response on November 3, 2008.[3]

## DISCUSSION

I.     Defendant's Motion to Dismiss

The district court conducts a *de novo* review of those portions of a magistrate judge's M&R

to which specific objections are filed. See 28 U.S.C. § 636(b); Local Civil Rule 72.4(b), EDNC.

Those portions of the M&R to which only general or conclusory objections are lodged may be

affirmed by the district court unless clearly erroneous or contrary to law. See Orpiano v. Johnson,

687 F.2d 44, 47 (4th Cir. 1982). Upon careful review of the record, "the court may accept, reject,

or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

U.S.C. § 636(b)(1).

A motion under Rule 12(b)(6) seeks dismissal on the grounds that the complaint challenged

---

[2]Defendant's memorandum did not oppose the M&R's recommendation on the motion to strike plaintiff's affidavit.

[3]Local Rule 7.1(e)(1), EDNC, permits 20 days for the filing of a response to non-discovery motions. Local Rule 72.4(b), EDNC, permits only 10 days for responses to objections to an M&R. As defendant only filed a motion for reconsideration, plaintiffs were not on notice that the court would construe defendant's argument on the motion to dismiss as an objection to the M&R. Therefore, the court will not impose on plaintiffs the more restrictive time constraint presented by Rule 72.4(b).

3

fails to state a claim upon which relief may be granted. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). This statement must be sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). While the factual allegations in the complaint need not be detailed, they "must be enough to raise a right to relief above the speculative level." Id. The Fourth Circuit has stated the plaintiff must "set forth facts sufficient to allege each element of his claim." Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th. Cir. 2002).

The purpose of a motion to dismiss is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). In considering a motion to dismiss, the court accepts as true the well-pleaded allegations of the challenged complaint and views those allegations in the light most favorable to the plaintiff. Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005) (citing Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993)). All reasonable factual inferences from the allegations must be drawn in the plaintiff's favor. Edwards, 178 F.3d at 244. Nevertheless, while the court must take the facts in the light most favorable to the plaintiff, the court "need not accept the legal conclusions drawn from the facts [or] . . . unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000); see also Labram v. Havel, 43 F.3d 918, 921 (4th Cir.1995) (stating that the court is not required to accept "conclusory allegations regarding the legal effect of the facts alleged").

Copyright infringement occurs when a person "violates any of the exclusive rights of the copyright owner." 17 U.S.C. § 501(a). Therefore, the two elements of an infringement claim are

4

(1) ownership of a valid copyright and (2) encroachment upon one of the exclusive rights afforded by the copyright. Avtec Systems, Inc. v. Peiffer, 21 F.3d 568, 571 (4th Cir. 1994). The M&R found plaintiffs sufficiently alleged ownership of a valid copyright and encroachment upon plaintiffs' rights of reproduction and distribution, two of the six exclusive rights in copyrighted works listed in 17 U.S.C. § 106. Defendant does not contest copyright ownership, but objects to the M&R on the grounds that the complaint does not contain a sufficient allegation of infringement of either plaintiff's reproduction or distribution rights.

Section 106 grants the owner of a copyright the exclusive right "to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending." 17 U.S.C. § 106(3). While the statute does not define the term "distribute," the Fourth Circuit has held that a library distributes a copyrighted work under § 106(3) when it "holds a copy in its collection, lists the copy in its card file, and makes the copy available to the public." Hotaling v. Church of Jesus Christ of Latter-Day Saints, 118 F.3d 199, 204 (4th Cir. 1997). Parties dispute whether the holding in Hotaling extends to the context of sound recordings made available over the internet. The court, however, need not decide here whether "making available" a sound recording over the internet constitutes a distribution, as plaintiffs' complaint sufficiently alleges an actual dissemination of copies of the recordings has occurred.

The complaint alleges, upon information and belief, that defendant "without the permission or consent of Plaintiffs, has continuously used, and continues to use, an online media distribution system to download and/or distribute to the public certain of the Copyrighted Recordings." (Compl. ¶ 13). Attached to the complaint is an exhibit that provides a list of copyrighted recordings, the specific peer-to-peer network used, and an IP address that can reasonably be inferred to belong to

5

defendant. (Ex. A). Exhibit A also contains a date and time, which the complaint indicates is when

the files were "captured." (Compl. ¶ 13). The court, drawing all reasonable factual inferences in

plaintiffs' favor, reads this as an allegation that copies of the recordings were actually obtained from

defendant at that date and time. In light of these allegations, the court rejects defendant's assertion

that "[t]he Complaint and Exhibit A, when taken in the light most favorable to the Plaintiffs, allege

only the existence, in a static state, of ten song recordings on a given computer connected to the

Internet at a certain moment in time." Deft.'s Mem in Supp. of Mot. for Recon., p. 4.

In denying a motion to dismiss in a similar case where plaintiffs filed a nearly identical

complaint, a court in this district noted:

> The complaint alleges that plaintiffs are the owners of various copyrighted music.
> It further alleges the Doe defendants used a P2P network to download and distribute
> that copyrighted music, and includes an exhibit detailing the specific P2P network
> used, along with the IP address for each defendant, and the date and time specific
> music was downloaded. Plaintiffs have thus sufficiently stated a claim and
> supporting factual basis for copyright infringement.

LaFace Records, LLC, v. Does 1-38, 2008 WL 544992, *2 (E.D.N.C. Feb. 27, 2008). The court's

reasoning in LaFace Records is both sound and applicable to the present circumstances. Taken

together, the complaint and Exhibit A set forth facts sufficient to allege the distribution element of

plaintiffs' claim for copyright infringement, and accordingly provide defendant fair notice of

plaintiffs' claim and the grounds upon which it rests.[4]

As plaintiffs' complaint meets the pleading standard set forth in Twombly, the court

ADOPTS the M&R's proposed resolution of this issue and defendant's motion to dismiss is

---

[4]Having determined plaintiffs sufficiently alleged a violation of their exclusive right to distribution under 17 U.S.C. § 106(3), the court need not determine whether plaintiffs also sufficiently alleged a violation of their exclusive right to reproduction under 17 U.S.C. § 106(1).

6

accordingly DENIED.

II.     Defendant's Motion to Quash the Subpoena

Defendant's motion to quash the subpoena served on NCSU to determine defendant's identity was referred to the magistrate judge for decision of a nondispositive matter pursuant to Federal Rule of Civil Procedure 72(a). This motion was denied, and defendant urges the court to reconsider this ruling. Under the local rules, a district judge may review a magistrate judge's order and "set aside any portion of the . . . order found to be clearly erroneous or contrary to law." Local Civil Rule 72.4(a), EDNC; see also 28 U.S.C. § 636(b)(1)(A).

Defendant does not contest in the motion for reconsideration the applicability to the present matter of the five-factor test set forth in Sony Music Entertainment v. Does 1-40 for determining whether an anonymous defendant's identity is shielded from disclosure by the First Amendment, and the court finds it useful here. 326 F. Supp. 2d 556 (S.D.N.Y. 2004). These five factors are "(1) a concrete showing of a prima facie claim of actionable harm; (2) specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information to advance the claim; and (5) the party's expectation of privacy." Sony Music Ent., 326 F. Supp. 2d at 564-65 (internal citations omitted).

The magistrate judge determined the facts of the present case are such that all five of these factors weigh in favor of enforcement. Defendant only objects to the M&R's findings regarding the first and third factors. Defendant's contention that plaintiff has failed to make a concrete showing of a prima facie claim of actionable harm is without merit. As already discussed in this order, plaintiffs have established a prima facie claim for copyright infringement, as they have sufficiently alleged both ownership of a valid copyright and encroachment upon at least one of the exclusive

7

rights afforded by the copyright. See Avtec Systems, 21 F.3d at 571; see also Sony Music Ent., 326 F. Supp. 2d at 565 (finding under similar factual circumstances and pleadings that this factor weighed in favor of enforcement of the subpoena). Defendant also argues that there are alternative means available to plaintiffs to obtain the subpoenaed information, suggesting that plaintiffs hire private investigators to actually observe students in the process of illegally downloading music in places where students gather. The feasibility of such a practice is questionable at best, and its mere suggestion, which goes to only one of the five Sony factors, is by no means sufficient to render the magistrate judge's reasoned decision "clearly erroneous" or "contrary to law."

Accordingly, after reviewing the magistrate judge's order denying defendant's motion to quash, the court declines to set aside any portion of it under Local Rule 72.4(a).

## CONCLUSION

After thorough review, those portions of the M&R not objected to by defendant, in particular the recommendation to deny defendant's motion to strike plaintiff's affidavit, are adopted. Thus, defendant's motion to dismiss, motion to strike plaintiff's affidavit, and motion to quash subpoena (DE #6), as well as defendant's motion for reconsideration (DE #18), are DENIED in their entirety. Accordingly, the July 2, 2008, stay this court placed on the enforcement of the subpoena addressed to NCSU, and served upon David Drooz, Associate General Counsel, is REMOVED.

SO ORDERED, this the 4th day of December, 2008.

LOUISE W. FLANAGAN
Chief United States District Judge

8